

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMIL CADKIN, an individual, and EMIL and LILA CADKIN as Trustees of the Cadkin Trust,<br><br>Plaintiffs,<br><br>v.<br><br>LEONA BLUESTONE, THE ESTATE OF HARRY BLUESTONE, THE BLUESTONE TRUST, TREVOR THORNTON, CB MUSIC, CARLIN PRODUCTION MUSIC, BLUE RIVER MUSIC, CARBERT MUSIC, BROADCAST MUSIC, INC., AMERICAN SOCIETY OF COMPOSERS, AUTHORS AND PUBLISHERS,<br><br>Defendants. | Case. No. CV 06-0034 ER<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE**<br><br> |

This matter came before the Court on Monday, February 12, 2007, at 10:00 a.m. on Defendants Carlin Production Music and Calbert Music's Motion to Dismiss the Fourth Cause of Action or, in the Alternative, Motion for Summary Judgment on the Fourth Cause of Action, and Motion to Strike the First, Second, Third, and Fifth Causes of Action of the First Amended Complaint. Defendants' motions are GRANTED, for the following reasons:

I. Motion for Summary Judgment

Only the owner of a copyright interest has standing to bring suit for copyright infringement. 17 U.S.C. § 501(b) (entitling only the "legal or beneficial owner of an exclusive right under a copyright" to sue for infringement); Silvers v. Sony Pictures Entertainment, Inc., 402 F.3d 881, 884 (9th Cir. 2005). Plaintiff bears the burden of proof for all questions of standing. See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1554 n.8 (9th Cir. 1990). Plaintiff's attorney admitted to the Court that Plaintiff does not own any interest in the copyrights at issue here. Because Plaintiff has failed to establish standing to sue for copyright infringement, the Court hereby GRANTS summary judgment for Defendants on the copyright infringement claim.

II. Defendants' Motion to Strike and Plaintiff's Motion for Leave to Amend

In December, the Court granted Judgment on the Pleadings to these Defendants because the first two causes of action in Plaintiff's original complaint for conversion and unfair business practices were preempted by the Copyright Act. The Court gave Plaintiff leave to amend his complaint to convert those preempted claims into a single claim for copyright infringement. Instead, Plaintiff filed an amended complaint which, in addition to the copyright infringement claim, included four new causes of action, for defamation, false designation of origin under the Lanham Act, declaratory relief, and an accounting. Rule 15 of the Federal Rules of Civil Procedure requires a party to obtain leave of court to amend a pleading after a response has been served. The Court never granted leave to the Plaintiff to include these new claims. In his response to Defendants' Motion to Strike, Plaintiff now asks the Court for leave to amend to allow these new claims.

Leave to amend should be freely granted, unless doing so would substantially prejudice the other party. See Howey v. United States, 481 F.2d 1187, 1191 (9th Cir. 1973) ("Only where prejudice is shown or the movant acts in

1  bad faith are courts protecting the judicial system or other litigants when they deny
2  leave to amend a pleading."). Prejudice has generally been found where an
3  amendment would deny a defendant an adequate opportunity to prepare his
4  defense, would result in surprise, or would result in increased discovery burdens,
5  i.e., a need to reopen discovery or potential loss of evidence due to the passage of
6  time. See Johnson v. Trueblood, 629 F.2d 287, 294-95 (3d Cir. 1980) (denying
7  leave to amend where plaintiff sought to allege negligence claim against defendant
8  on 43rd day of trial, thereby shifting focus of trial and forcing defendant to prepare
9  a defense on the new issue midtrial). Here, Plaintiff filed an amended complaint
10 which asserted four new causes of action on the eve of trial. Allowing the
11 Plaintiff to assert these causes of action at this late stage in the litigation would be
12 highly prejudicial to the Defendants, as it would give them little time to prepare a
13 defense and would deprive them of the opportunity to conduct discovery regarding
14 the new claims.
15     Leave to amend should also not be granted if the amendments would be
16 futile, i.e. could be defeated on a 12(b)(6) motion or Rule 56(c) motion for
17 summary judgment. Gabrielson v. Montgomery Ward, 785 F.2d 762 (9th Cir.
18 1986). Plaintiff's new claims would be futile.
19     A. Defamation
20     Plaintiff's cause of action for Defamation is based on the allegation that
21 Defendants, when attempting to register a copyright on Plaintiff's music, added
22 the notation "1916-1999" next to his name, implying Plaintiff was dead when he
23 wasn't. Misstating the fact of a person's death is not defamation. See Estill v.
24 Hearst Publishing Co., 186 F.2d 1017, 1022 (7th Cir. 1951) ("Ordinarily it is not
25 actionable per se to misstate the fact of a person's death."); O'Neil v. Edmonds,
26 157 F. Supp. 649, 651 (E.D. Va. 1958) ("the weight of authority leans to the view
27 that the publication of a false report of death is not libelous per se," and "it is not
28

-3-

1  defamatory to say that a man is dead"). Only when the misstatement contains
2  other falsities that would tend to injure a person's reputation, such as implying he
3  died under disgraceful circumstances, can it constitute defamation. See Estill, 186
4  F.2d at 1022 (finding that defendant had committed libel when he "not only falsely
5  stated that plaintiff had died, but purported to state the circumstances under which
6  he died, 'a broken man'"). Because Plaintiff's Amended Complaint only alleges
7  that Defendants falsely stated Plaintiff died in 1999 and nothing more, it does not
8  state a claim for defamation.

9  Further, Plaintiff's claim is based on a statement made in an application to
10 register a copyright. That statement, made before an official administrative
11 agency and designed to prompt action by that agency, is privileged, and may not
12 subject Defendants to liability for defamation. See Cal. Civ. Code § 47(b); King
13 v. Borges, 104 Cal. Rptr. 414, 417 (Ct. App. 1972). Allowing Plaintiff to amend
14 his complaint to include this defamation claim would be futile.

15      B. Lanham Act

16 Plaintiff's Lanham Act claim is premised on Defendants' alleged failure to
17 credit Plaintiff as the true author of the musical works at issue. The Supreme
18 Court has ruled that "failure to credit" claims cannot be brought under the Lanham
19 Act. See Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23, 32
20 (2003) (for Lanham Act false designation claims, the "origin" of "goods" refers to
21 the actual producer of the physical article, not the author responsible for the
22 underlying creative work contained in the article); Williams v. UMG Recordings,
23 Inc., 281 F. Supp. 2d 1177, 1183-85 (C.D. Cal. 2003) (stating that Dastar bars
24 Lanham Act claims for failure to give credit). Thus, the Lanham Act claim is
25 futile.

26      C. Accounting

27 Not being the owner of any interest in the copyrights at issue, Plaintiff does
28

not have standing to request an accounting. Further, claims for an accounting are preempted by the Copyright Act, as they are equivalent to the claims protected by the Copyright Act. Cambridge Literary Props., Ltd. v. W. Goebel Porzellanfabrik G.m.b.H. & Co. Kg., 448 F. Supp. 2d. 244, 256 (D. Mass. 2006); Weber v. Geffen Records, 63 F. Supp. 2d 458, 463 (S.D.N.Y. 1999). Therefore, Plaintiff's claim for an accounting is also futile.

D. Declaratory Relief

Because Plaintiff does not own the copyrights at issue, he does not have standing to request declaratory relief. See Gardner v. Nike, Inc., 279 F.3d 774, 781 (9th Cir. 2002) (only owner of copyright rights has standing to bring a declaratory relief action). Plaintiff's claim for declaratory relief is futile.

Because allowing Plaintiff to amend his complaint to state four new causes of action at this late stage in the proceedings would both prejudice the Defendants and be futile, the Court hereby DENIES Plaintiff's Motion for Leave to Amend and GRANTS Defendant's Motion to Strike the First, Second, Third, and Fifth Causes of Action in the First Amended Complaint.

As summary judgment has been granted in favor of Defendants on Plaintiff's only remaining claim, the February 27, 2007, trial date is VACATED.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve, by United States mail or by telefax or by email, copies of this Order on counsel for the parties in this matter.

Dated: February 14, 2007

_____
EDWARD RAFEEDIE
Senior United States District Judge

-5-