

Priority ✓
Send ✓
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMIL CADKIN, an individual, and EMIL and LILA CADKIN as Trustees of the Cadkin Trust,<br><br>Plaintiffs,<br><br>v.<br><br>LEONA BLUESTONE, THE ESTATE OF HARRY BLUESTONE, THE BLUESTONE TRUST, TREVOR THORNTON, CB MUSIC, CARLIN PRODUCTION MUSIC, BLUE RIVER MUSIC, CARBERT MUSIC, BROADCAST MUSIC, INC., AMERICAN SOCIETY OF COMPOSERS, AUTHORS AND PUBLISHERS,<br><br>Defendants. | Case. No. CV 06-0034 ER<br><br>**ORDER GRANTING DEFENDANTS CARLIN PRODUCTION MUSIC AND CARBERT MUSIC'S MOTION FOR ATTORNEYS' FEES PURSUANT TO 17 U.S.C. § 505** |

This matter is before the Court on Defendants Carlin Production Music and Calbert Music's Motion for Attorneys' Fees pursuant to 17 U.S.C. § 505. The Court has reviewed the papers submitted and finds this matter suitable for decision without oral argument pursuant to Local Rule 7-15.

I. Whether to Award Attorney's Fees

The Copyright Act provides that, in civil copyright actions, the Court may, at its discretion, "award a reasonable attorney's fee to the prevailing party as part



of the costs." 17 U.S.C. § 505. The same standard applies to both prevailing defendants and prevailing plaintiffs. Fogerty v. Fantasy, Inc., 510 U.S. 517, 527 (1994). In deciding whether to award fees under the Copyright Act, the Court shall consider the following factors: the degree of success obtained on the claim; frivolousness; motivation; objective reasonableness of factual and legal arguments; and need for compensation and deterrence. Jackson v. Axton, 25 F.3d 884, 890 (9th Cir. 1994). In applying these factors, the Court should remain "faithful to the purposes of the Copyright Act," which are to encourage and reward creative work in order to "promote broad public availability of literature, music, and the other arts." Fogerty, 510 U.S. at 526-27 (quoting Twentieth Century Music Corp. v. Aiken, 422 U.S. 151, 156 (1975)).

Here, Defendant was completely successful in defending against Plaintiff's copyright claims. The claims were frivolous, as Plaintiff's counsel even admitted to the Court that Plaintiff did not own any interest in the copyrights at issue and thus did not have standing to sue for copyright infringement. The fact that Plaintiff continued to pursue this case in spite of the fact that he knew he did not own any interest in these copyrights, including filing an amended complaint after he was given concrete proof that he did not own these copyrights, strongly suggests that Plaintiff had a bad faith motivation in filing these suits. Further, because Plaintiff did not own any interest in the copyrights at issue, his arguments that Defendants had infringed his copyrights were objectively unreasonable.[1] Finally, an award of attorney's fees would further the goal of deterring other parties from bringing similarly frivolous claims. Thus, all relevant factors seem to

---

[1] The fact that summary judgment was granted against the losing party does not, by itself, indicate that the claim was "objectively unreasonable." Berkla v. Corel Corp., 302 F.3d 909, 912 (9th Cir. 2002). However, in this case, Plaintiff's claims were objectively unreasonable not just because summary judgment was granted against him, but because Plaintiff did not have standing to bring the claim and *knew* he did not have standing, yet brought the claim anyway.

1 weigh in favor of awarding attorney's fees to Defendants.

2 This five-factor test is not exclusive; depending on the case, other factors may be relevant to the decision of whether to award attorney's fees. See Jackson, 25 F.3d at 890 (stating that in deciding whether to award attorney's fees under the Copyright Act, a district court's considerations shall include, "but might not be limited to," the five-factor test). Plaintiff argues that an additional factor the Court should consider is the relative financial strength of the parties. While it is true that some cases have considered this as a factor, no case has considered it dispositive. The cases that have considered this factor all involved plaintiffs who had brought good-faith, non-frivolous claims, which is not the case here. See, e.g., Russell v. Price, 612 F.3d 1123, 1132 (9th Cir. 1979) (denying additional attorney's fees on appeal because, among other factors, "[t]he appeal was not frivolous"); Italian Book Corp. v. American Broadcasting Cos., Inc., 458 F. Supp. 65, 72 (S.D.N.Y. 1978) ("Plaintiff's claim, while ultimately unsuccessful, was brought in good faith."). Thus, when viewed against all the factors weighing in favor of granting attorney's fees, the fact that Plaintiff, an individual litigant, has fewer financial resources than Defendants, carries little weight.

Accordingly, the Court hereby GRANTS Defendants' request for attorney's fees.

II. Reasonableness of Requested Fee

A party seeking an award of attorney's fees bears the burden of submitting evidence of the hours worked and the rate paid, as well as evidence that the rate charged is in line with the prevailing market rate in the relevant community. Carson v. Billings Police Dep't, 470 F.3d 889, 891 (9th Cir. 2006). Defendants have requested an award of $129,830 in attorneys' fees, which represents 320 total hours worked. Defendants' attorneys have submitted billing records of the hours worked and rates paid to them by Defendants. Defendants claim they have

reduced the amount of attorneys fees requested by not seeking reimbursement for third-party investigators, for time expended by attorneys that played a minor role in the case, or for increases in attorney billing rates during the course of the action. Defendants claim the amount requested is reasonable because this action lasted over a year, involved several motions and lengthy discovery disputes, and was not dismissed until less than two weeks before the scheduled trial date.

### A. Reasonable Hours

"The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." Welch v. Metro. Life Ins. Co., __ F.3d __, 2007 WL 656390, 2007 U.S. App. LEXIS 5194, at *13 (9th Cir. March 6, 2007). "Block billing," wherein an attorney groups together multiple tasks in one billing entry, rather than identifying the time spent on each particular activity, makes it difficult for the Court to determine whether the time spent on each individual activity was reasonable. See id. at *13-14 ("It was reasonable for the district court to conclude that [the attorney] failed to carry her burden [to show the hours billed were reasonable], because block billing makes it more difficult to determine how much time was spent on particular activities."). Block billing has been found to increase billed time by "10% to 30%". The State Bar of California Committee on Mandatory Fee Arbitration, Arbitration Advisory 03-01 (2003). A court may reduce hours to compensate for "poorly documented" billing, including block billing. Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1121 (9th Cir. 2000).

Here, Defendants' attorneys frequently engaged in block billing. 73 of their billing entries, representing 167.2 hours, contained block billing. To offset this, the Court will reduce these block-billed hours by 20%, to a total of 133.6 hours. See Welch, 2007 WL 656390, 2007 U.S. App. LEXIS 5194, at *12-13 (finding a 20% reduction for block-billed hours to be reasonable). The remainder of the

1  hours, not block-billed (152.3 remaining hours), appear to be reasonable.
2  Accordingly, the Court will allow compensation for a total of 285.9 hours.
3     B. Reasonable Hourly Rate
4     The requested billing rates are as follows:
5     Stephen R. Mick [Partner]         $495/hour
6     Tuneen Chisolm [Counsel]          $350/hour
7     Andrew Oelz [Associate]           $295/hour
8     Jeremy Bollinger [Associate]      $175/hour
9     "Affidavits of the [prevailing party]'s attorney and other attorneys regarding
10 prevailing fees in the community, and rate determinations in other cases,
11 particularly those setting a rate for the [prevailing party]'s attorney, are
12 satisfactory evidence of the prevailing market rate." United Steelworkers of Am.
13 v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir. 1990). Here, Defendant's lead
14 attorney, Stephen Mick, has submitted a sworn affidavit stating that he regularly
15 charged these rates in 2005 (when this litigation commenced), that he is familiar
16 with the billing rates of other large law firms in Los Angeles and that their 2005
17 rates for attorneys with comparable skill and experience were similar or higher
18 than the rates requested. Defendants have not submitted any affidavits from
19 expert witnesses, nor have they submitted any rate determinations in other cases.
20 Plaintiff, for his part, has offered no evidence at all to rebut Defendants'
21 contention that the hourly rates requested are reasonable.[2]
22    Based on its own knowledge of the hourly rates attorneys charge within the
23 Los Angeles legal community, as well as Defendants' submissions, the Court

---

[2] The party opposing a fee request has the burden of producing rebuttal evidence in its opposition. Gates v. Deukmejian, 987 F.2d 1392, 1397-98 (9th Cir. 1993). Failure to submit opposing evidence or identify specific objections to the time or rates requested results in a waiver of any objections. Gates v. Rowland, 39 F.3d 1439, 1449 (9th Cir. 1994).

1 believes these hourly rates are reasonable.

2 Therefore, the Court hereby GRANTS Defendants' Motion for an Award of
3 Attorney's Fees Pursuant to 17 U.S.C. § 505, in the amount of $116,086.50, which
4 represents 285.9 total hours of work at the following rates:

5     Stephen R. Mick    $495/hour x 151 hours = $74,745
6     Tuneen Chisolm    $350/hour x 65.2 hours = $22,820
7     Andrew Oelz    $295/hour x 52.7 hours = $15,546.50
8     Jeremy Bollinger    $175/hour x 17 hours = $2,975

10 IT IS SO ORDERED.

11 IT IS FURTHER ORDERED that the Clerk of the Court shall serve, by United
12 States mail or by telefax or by email, copies of this Order on counsel for the
13 parties in this matter.

14 Dated: APR 9- 2007

EDWARD RAFEEDIE
Senior United States District Judge

- 6 -