FILED
CLERK, U.S. DISTRICT COURT
MAY 24 2007
CENTRAL DISTRICT OF CALIFORNIA
BY           DEPUTY

Priority ✓
Send ✓
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMIL CADKIN, an individual, and EMIL and LILA CADKIN as Trustees of the Cadkin Trust,<br><br>Plaintiffs,<br><br>v.<br><br>LEONA BLUESTONE, THE ESTATE OF HARRY BLUESTONE, THE BLUESTONE TRUST, TREVOR THORNTON, CB MUSIC, CARLIN PRODUCTION MUSIC, BLUE RIVER MUSIC, CARBERT MUSIC, BROADCAST MUSIC, INC., AMERICAN SOCIETY OF COMPOSERS, AUTHORS AND PUBLISHERS,<br><br>Defendants. | Case. No. CV 06-0034 ER<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER THE AWARD OF ATTORNEYS' FEES TO DEFENDANTS PURSUANT TO 17 U.S.C. § 505** |

DOCKETED ON CM
MAY 24 2007
BY _____ 131

This matter is before the Court on Plaintiff's Motion to Reconsider the Court's Award of Attorneys' Fees to Defendant pursuant to the Copyright Act, 17 U.S.C. § 505. The Court has reviewed the papers submitted and finds this matter suitable for decision without oral argument pursuant to Local Rule 7-15. The motion is DENIED for the following reasons:


75

Reconsideration is only appropriate under Local Rule 7-18 if there is (a) a material difference in fact or law from that presented to the Court, (b) the emergence of new material, or (c) a manifest showing of a failure to consider material facts presented to the Court. Here, Plaintiff has not shown any of those factors to be true. Rather, Plaintiff claims that the Court has not "duly considered or applied the operative facts of this case to the law" and then proceeds to make the same arguments he made in opposing Defendants' original Motion for Attorneys' Fees. The Court already rejected these arguments in granting the Motion for Attorneys' Fees, and sees no reason why it should reconsider these arguments now. Plaintiff filed a lawsuit for copyright infringement when he knew he did not own the copyrights at issue. Plaintiff claims he acted "in good faith throughout" and only sought to "learn his rights" by filing this suit. However, suing an innocent party is not the way to "learn" one's "rights." A party in any court must have standing to sue. A party cannot first sue someone and then later on engage in a "fishing expedition" through the discovery process to determine whether he in fact had standing to sue. Plaintiff should have "learned his rights" before he filed this lawsuit.

The Court notes that Plaintiff has appealed to the Ninth Circuit both the Order Granting Summary Judgment and the Order Granting Attorneys' Fees. Plaintiff will presumably be permitted to revisit his arguments on appeal, and should not attempt to sidestep proper appellate procedure by filing this motion. See Bell v. Eastman Kodak Co., 214 F.3d 798, 801 (7th Cir. 2000) ("The ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain a reversal by means of a direct appeal.").

Contrary to Plaintiff's assertions, the Court does not believe that letting its Order stand would be "among the greatest injustices done by any court, save matters concerning life or limb." The Motion to Reconsider is DENIED.

//

1 | IT IS SO ORDERED.

2 | IT IS FURTHER ORDERED that the Clerk of the Court shall serve, by United

3 | States mail or by telefax or by email, copies of this Order on counsel for the

4 | parties in this matter.

5 | Dated: May 24, 2007

*/s/ Edward Rafeedie*

EDWARD RAFEEDIE
Senior United States District Judge